# UNITED STATES BANKRUPTCY COURT
# FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
# WINSTON-SALEM DIVISION

In Re:

**Sylvia Davis Simmons**

Social Security No. xxx-xx-4001
Address:4915 Tatelo Trail, Winston Salem, NC 27127

Case No.  21-50757

Chapter   13

Debtor

## NOTICE OF OBJECTION TO MORTGAGE PROOF OF CLAIM

The Debtor above-named, through counsel, has filed an objection to your mortgage claim in this bankruptcy case.

**Your mortgage claim may be reduced, modified, or eliminated.  You should read these papers carefully and discuss them with your attorney, if you have one.**

If you do no want the court to eliminate or change your mortgage claim, then on or before August 2, 2022, you or your attorney must file with the court a written response to the objection, explaining your position, at:

U.S. Bankruptcy Court, P.O. Box 26100, Greensboro, NC 27402-6100

If you mail your response to the court for filing, you must mail it early enough so that the court will receive it on or before the date stated above.

You must also send a copy to:

Law Offices of John T. Orcutt
Attn: **Edward Boltz**
1738-D Hillandale Road
Durham, N.C. 27705

U.S. Bankruptcy Administrator
101 South Edgeworth Street
Greensboro, NC 27401

Kathryn L. Bringle
Chapter 13 Trustee
P. O. Box 2115
Winston-Salem, N.C. 27102-2115

Attend the hearing on the objection on August 17, 2022 at 9:30 a.m. in the United States Bankruptcy Court, located at 601 W. 4th St., Suite 100, Winston-Salem, NC 27101.

**Before the hearing, check the Court's website www.ncmb.uscourts.gov for important COVID-19 information.**

If you or your attorney do not take these steps, the court may decide that you do not oppose the objection to your claim.

Dated: July 1, 2022

**LAW OFFICES OF JOHN T. ORCUTT, P.C.**

/s Edward Boltz
Edward Boltz
N.C. State Bar No. 23003
1738-D Hillandale Road
Durham, N.C. 27705
Telephone: (919) 847-9750
Fax: (919) 892-6140
Email: postlegal@johnorcutt.com

UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
WINSTON-SALEM DIVISION

In Re:
**Sylvia Davis Simmons**

Social Security No. xxx-xx-4001
Address: 4915 Tatelo Trail, Winston Salem, NC 27127

Case No. 21-50757
Chapter 13

Debtor

## OBJECTION TO MORTGAGE PROOF OF CLAIM

**NOW COMES** the Debtor above-named, through counsel, pursuant to 11 U.S.C. §502, Bankruptcy Rule 3007, and N.C. Gen Stat. § 45-91, and N.C. Gen. Stat. § 24-10.1, who respectfully objects to the Proof of Claim filed by the creditor U.S. Bank National Association not in its individual capacity but solely as Trustee for RMTP Trust, Series 2021 BKM-TT, dated February 22, 2022 and designated claim number 6, for the following reasons:

1. Rushmore Loan Management Services LLC is a servicer of a home loan for the purposes of N.C. Gen Stat. § 45-90(1), and is therefore subject to the notice requirements of N.C. Gen Stat. § 45-90 and N.C. Gen. Stat. § 24-10.1.

2. Said Proof of Claim was filed by Rushmore Loan Management Services LLC on behalf of U.S. Bank National Association not in its individual capacity but solely as Trustee for RMTP Trust, Series 2021 BKM-TT, the alleged holder of home loan referenced in the Proof of Claim.

### Objectionable Fees

3. The Proof of Claim asserts that U.S. Bank National Association not in its individual capacity but solely as Trustee for RMTP Trust, Series 2021 BKM-TT is entitled to fees totaling $3,817.64, for the following described expenses:

   a. NSF Fees: $50.00, incurred most recently on December 13, 2018, or 1,167 days prior to the filing of the Proof of Claim.
   b. Property Inspection: $875.00, incurred most recently on January 15, 2019, or 1,134 days prior to the filing of the Proof of Claim.
   c. Title Costs: $250.00, incurred most recently on October 25, 2019, or 851 days prior to the filing of the Proof of Claim.
   d. Attorney Fees:: $472.50, incurred most recently on October 31, 2019, or 845 days prior to the filing of the Proof of Claim.
   e. Attorney Fees:: $315.00, incurred most recently on January 10, 2020, or 774 days prior to the filing of the Proof of Claim.

    f.    Statutory Mailings: $1.60, incurred most recently on January 10, 2020, or 774 days prior to the filing of the Proof of Claim.
    g.    Misc. Costs: $9.34, incurred most recently on January 10, 2020, or 774 days prior to the filing of the Proof of Claim.
    h.    Sheriff Costs: $60.00, incurred most recently on January 10, 2020, or 774 days prior to the filing of the Proof of Claim.
    i.    Filing Costs: $300.00, incurred most recently on January 10, 2020, or 774 days prior to the filing of the Proof of Claim.
    j.    Recording Costs: $30.50, incurred most recently on January 10, 2020, or 774 days prior to the filing of the Proof of Claim.
    k.    Bankruptcy Fee: $250.00, incurred most recently on May 5, 2020, or 658 days prior to the filing of the Proof of Claim.
    l.    Bankruptcy Fee: $950.00, incurred most recently on May 5, 2020, or 658 days prior to the filing of the Proof of Claim.
    m.    Bankruptcy Cost: $3.70, incurred most recently on May 5, 2020, or 658 days prior to the filing of the Proof of Claim.
    n.    Title Costs: $250.00, incurred most recently on December 7, 2020, or 442 days prior to the filing of the Proof of Claim.

4. Pursuant to N.C. Gen Stat. § 45-91, for a fee to be allowed, U.S. Bank National Association not in its individual capacity but solely as Trustee for RMTP Trust, Series 2021 BKM-TT must assess the fee within 45 days from the date which the fee was incurred, and must clearly and conspicuously explain the fee in a statement mailed to the borrower at the borrower's last known address within 30 days after assessing the fee.

5. The Proof of Claim filed by U.S. Bank National Association not in its individual capacity but solely as Trustee for RMTP Trust, Series 2021 BKM-TT does not specify when the fees were assessed.

6. The Proof of Claim filed by U.S. Bank National Association not in its individual capacity but solely as Trustee for RMTP Trust, Series 2021 BKM-TT does not include a copy of the explanatory statement mailed to the Debtor at the Debtor's last known address.

7. Furthermore, the filing of a Proof of Claim with a bankruptcy court does not satisfy the requirements of N.C. Gen Stat. § 45-91(1). *In re Saeed*, Bankr. No. 10-10303, (Bankr. M.D.N.C., Sept 17, 2010) (2010 WL 3745641)(2010 Bankr.LEXIS 3267); *In re Smith*, Bankr. No. 08-07636-8-JRL,(Bankr. E.D.N.C. Nov. 8, 2012).

8. The failure by U.S. Bank National Association not in its individual capacity but solely as Trustee for RMTP Trust, Series 2021 BKM-TT to provide notice of the fees charged, as required by N.C. Gen Stat. § 45-91, constitutes a waiver of said fees pursuant to N.C. Gen Stat. § 45-91(3). See *In re Saeed*, Bankr. No. 10-10303 (Bankr. M.D.N.C., Sept 17, 2010) (2010 WL 3745641). See also *In re Obie*, Bankr. No. 09-80794, (Bankr. M.D.N.C,.Nov. 24, 2009) (2009 WL 4113587)(2009 Bankr. LEXIS 3858). See also *In re: Hillmon*, Bankr. No. 11-80303 (Bankr. M.D.N.C., Oct. 26, 2011)(2011 Bankr. LEXIS 5536). See also *In re Smith*, Bankr. No. 08-07636-8-JRL,(Bankr. E.D.N.C. Nov. 8, 2012).

9. This motion shall serve as 30 days notice, pursuant to N.C.G.S. § 45-94 of the alleged violations hereinbefore referenced, which notice is a condition precedent to the filing of a motion by the Debtor to recover actual damages caused by said violations, including reasonable attorney fees of at least $500.00.

### Objectionable Late Payment Charges

10. The Proof of Claim asserts that U.S. Bank National Association not in its individual capacity but solely as Trustee for RMTP Trust, Series 2021 BKM-TT is entitled to late payment charges totaling $153.22.

11. Pursuant to N.C. Gen Stat. § 24-10.1(b)(6), no lender may charge a late payment charge unless the lender notifies the borrower within 45 days following the date the corresponding mortgage payment was due that a late payment charge has been imposed..

12. This requirement applies separately with respect to each and every late payment charge sought to be imposed.

13. The Proof of Claim filed by U.S. Bank National Association not in its individual capacity but solely as Trustee for RMTP Trust, Series 2021 BKM-TT does not include any proof that the Debtor were served or timely served with the required notices.

14. Barring such proof, all such late payment charges should be presumed illegal and accordingly disallowed.

15. Because the Debtor contests the late payment charges claimed by said creditor in its Proof of Claim filed in this case, pursuant to Rule 34 of the Federal Rules of Civil Procedure and Rule 9014 of the Federal Rules of Bankruptcy Procedure, the Debtor is, by separate document attached herewith, requesting production from U.S. Bank National Association not in its individual capacity but solely as Trustee for RMTP Trust, Series 2021 BKM-TT of all such notices that said creditor may claim were served upon the Debtor, together with proof that such notices were in fact served upon the Debtor.

**WHEREFORE**, the Debtor prays that the Court enter an order as follows:

### Objectionable Fees

1. Finding that U.S. Bank National Association not in its individual capacity but solely as Trustee for RMTP Trust, Series 2021 BKM-TT, in violation of N.C.G.S. § 45-91, failed to provide timely, clear and conspicuous notification to the Debtor of the assessment of the aforementioned fees, in the amount of $3,817.64.

2. Finding that such failure by U.S. Bank National Association not in its individual capacity but solely as Trustee for RMTP Trust, Series 2021 BKM-TT constitutes a waiver of such fees.

3. Disallowing the aforementioned fees in the amount of $3,817.64 and reducing the pre-petition claim of the U.S. Bank National Association not in its individual capacity but solely as Trustee for RMTP Trust, Series 2021 BKM-TT accordingly.

4. Prohibiting U.S. Bank National Association not in its individual capacity but solely as Trustee for RMTP Trust, Series 2021 BKM-TT from later assessing these fees to the Debtor's mortgage account.

5. In the event that U.S. Bank National Association not in its individual capacity but solely as Trustee for RMTP Trust, Series 2021 BKM-TT contests this objection by filing a formal response thereto, the Debtor requests that the Court treat any hearing upon this Objection as preliminary, in accordance with the power vested in this Court pursuant to 11 U.S.C. 105(a).

6. Awarding counsel undersigned an attorney fee of at least $500.00, to be paid as an administrative claim by the Chapter 13 Trustee, with the pre-petition claim of U.S. Bank National Association not in its individual capacity but solely as Trustee for RMTP Trust, Series 2021 BKM-TT reduced by this additional amount.

### Objectionable Late Payment Charges

1. Finding that U.S. Bank National Association not in its individual capacity but solely as Trustee for RMTP Trust, Series 2021 BKM-TT, failed to comply with the notice requirements of N.C.G.S. § 24-10.1.

2. Finding that all late payment charge set for in the Proof of Claim are illegal and should be disallowed.

3. Disallowing the aforementioned late payment charges in the amount of $153.22, reducing the pre-petition claim of the U.S. Bank National Association not in its individual capacity but solely as Trustee for RMTP Trust, Series 2021 BKM-TT accordingly.

4. Prohibiting U.S. Bank National Association not in its individual capacity but solely as Trustee for RMTP Trust, Series 2021 BKM-TT from later assessing these late payment charges to the Debtor's mortgage account.

5. In the event that U.S. Bank National Association not in its individual capacity but solely as Trustee for RMTP Trust, Series 2021 BKM-TT contests this objection by filing a formal response thereto, the Debtor requests that, until such time as the aforementioned proof of notices is provided, the Court treat any hearing upon this Objection as preliminary, in accordance with the power vested in this Court pursuant to 11 U.S.C. 105(a).

6. Granting any other relief the Court deems just and proper.

Dated: July 1, 2022

**LAW OFFICES OF JOHN T. ORCUTT, P.C.**

/s Edward Boltz
Edward Boltz
N.C. State Bar No. 23003
1738-D Hillandale Road
Durham, N.C. 27705
Telephone: (919) 847-9750
Fax: (919) 892-6140
Email: postlegal@johnorcutt.com

UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
WINSTON-SALEM DIVISION

In Re:
**Sylvia Davis Simmons**

Case No. 21-50757
Chapter 13

Social Security No. xxx-xx-4001
Address: 4915 Tatelo Trail, Winston Salem, NC 27127

Debtor

### AFFIDAVIT OF SERVICE

I, Cynthia Hunter, certify under penalty of perjury that I am, and at all times hereinafter mentioned was, more than eighteen (18) years of age and that on July 1, 2022, I served copies of the foregoing **NOTICE OF OBJECTION AND OBJECTION TO MORTGAGE PROOF OF CLAIM** :

By **certified mail** addressed to:

FDIC address:

U.S. Bank National Association
**Attn: Officer or Managing Agent**
425 Walnut Street
Cincinnati, OH 45202

The certified mail tracking number is: **9171 9690 0935 0267 8991 09**

By regular, **first-class United States mail**, addressed to:

Debtor:
Sylvia Davis Simmons
4915 Tatelo Trail
Winston Salem, NC 27127

Proof of Claim address:

U.S. Bank National Association not in its individual capacity but solely as Trustee for RMTP Trust, Series 2021 BKM-TT
**Attn: Officer or Managing Agent**
P.O. Box 55004
Irvine, CA 92619

<u>Creditor Attorney address</u>:

Mark A Baker
MCMICHAEL TAYLOR GRAY, LLC
3550 Engineering Drive, Suite 260
Peachtree Corners, GA 30092

By **automatic electronic noticing** to:

U.S. Bankruptcy Administrator

Kathryn L. Bringle
Chapter 13 Trustee

<u>/s Cynthia Hunter</u>
Cynthia Hunter