**UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
WINSTON-SALEM DIVISION**

In Re:
**Sylvia Davis Simmons**

Social Security No. xxx-xx-4001
Address: 4915 Tatelo Trail, Winston Salem, NC 27127

Case No.  21-50757
Chapter  13

Debtor

**OBJECTION TO MORTGAGE NOTICE OF POST-PETITION FEES**

**NOW COMES** the Debtor above-named, through counsel, pursuant to 11 U.S.C. §502, Bankruptcy Rule 3002.1(e), and N.C. Gen Stat. § 45-91,  who respectfully objects to the Notice of Post-Petition Fees filed by the creditor U.S. Bank National Association not in its individual capacity but solely as Trustee for RMTP Trust, Series 2021 BKM-TT, dated June 24, 2022 and related to claim number 6, for the following reasons:

1. U.S. Bank National Association not in its individual capacity but solely as Trustee for RMTP Trust, Series 2021 BKM-TT for is a servicer of a home loan for the purposes of N.C. Gen Stat. § 45-90(1), and is therefore subject to the notice requirements of N.C. Gen Stat. § 45-90 .

2. Said Notice of Post-Petition Fees was filed by U.S. Bank National Association not in its individual capacity but solely as Trustee for RMTP Trust, Series 2021 BKM-TT, the alleged holder of home loan referenced in the Notice of Post-Petition Fees.

3. The Notice of Post-Petition Fees asserts that U.S. Bank National Association not in its individual capacity but solely as Trustee for RMTP Trust, Series 2021 BKM-TT is entitled to fees  totaling $1,675.00, for the following described expenses:

    a. Attorney Fees: $550.00, incurred most recently on February 11, 2022, or 133 days prior to the filing of the Notice of Post-Petition Fees.
    b. Bankruptcy/Proof of claim fees: $450.00, incurred most recently on February 22, 2022, or 122 days prior to the filing of the Notice of Post-Petition Fees.
    c. Property Inspection: $75.00, incurred most recently on February 25, 2022, or 119 days prior to the filing of the Notice of Post-Petition Fees.
    d. Attorney Fee-Plan Review: $350.00, incurred most recently on January 29, 2022, or 146 days prior to the filing of the Notice of Post-Petition Fees.
    e. Attorney Fee-410A: $250.00, incurred most recently on February 22, 2022, or 122 days prior to the filing of the Notice of Post-Petition Fees.

4. Pursuant to N.C. Gen Stat. § 45-91, for a fee to be allowed, U.S. Bank National Association not in its individual capacity but solely as Trustee for RMTP Trust, Series 2021 BKM-TT must assess the fee within 45 days from the date which the fee was incurred, and must clearly and conspicuously explain the fee in a statement mailed to the borrower at the borrower's last known address within 30 days after assessing the fee.

5. The Notice of Post-Petition Fees filed by U.S. Bank National Association not in its individual capacity but solely as Trustee for RMTP Trust, Series 2021 BKM-TT does not specify when the fees were assessed.

6. The Notice of Post-Petition Fees filed by U.S. Bank National Association not in its individual capacity but solely as Trustee for RMTP Trust, Series 2021 BKM-TT does not include a copy of the explanatory statement mailed to the Debtor at the Debtor's last known address.

7. Furthermore, the filing of a Notice of Post-Petition Fees with a bankruptcy court does not satisfy the requirements of N.C. Gen Stat. § 45-91(1). *In re Saeed*, Bankr. No. 10-10303, (Bankr. M.D.N.C., Sept 17, 2010) (2010 WL 3745641)(2010 Bankr.LEXIS 3267); *In re Smith*, Bankr. No. 08-07636-8-JRL,(Bankr. E.D.N.C. Nov. 8, 2012).

8. The failure by U.S. Bank National Association not in its individual capacity but solely as Trustee for RMTP Trust, Series 2021 BKM-TT to provide notice of the fees charged, as required by N.C. Gen Stat. § 45-91, constitutes a waiver of said fees pursuant to N.C. Gen Stat. § 45-91(3). See *In re Saeed*, Bankr. No. 10-10303 (Bankr. M.D.N.C., Sept 17, 2010) (2010 WL 3745641). See also *In re Obie*, Bankr. No. 09-80794, (Bankr. M.D.N.C,.Nov. 24, 2009) (2009 WL 4113587)(2009 Bankr. LEXIS 3858). See also *In re: Hillmon*, Bankr. No. 11-80303 (Bankr. M.D.N.C., Oct. 26, 2011)(2011 Bankr. LEXIS 5536). See also *In re Smith*, Bankr. No. 08-07636-8-JRL,(Bankr. E.D.N.C. Nov. 8, 2012).

9. This motion shall serve as 30 days notice, pursuant to N.C.G.S. § 45-94 of the alleged violations hereinbefore referenced, which notice is a condition precedent to the filing of a motion by the Debtor to recover actual damages caused by said violations, including reasonable attorney fees of at least $500.00.

**WHEREFORE**, the Debtor prays that the Court enter an order as follows:

1. Finding that U.S. Bank National Association not in its individual capacity but solely as Trustee for RMTP Trust, Series 2021 BKM-TT, in violation of N.C.G.S. § 45-91, failed to provide timely, clear and conspicuous notification to the Debtor of the assessment of the aforementioned fees, in the amount of $1,675.00.

2. Finding that such failure by U.S. Bank National Association not in its individual capacity but solely as Trustee for RMTP Trust, Series 2021 BKM-TT constitutes a waiver of such fees.

3. Disallowing the aforementioned fees in the amount of $1,675.00 .

4. Prohibiting U.S. Bank National Association not in its individual capacity but solely as Trustee for RMTP Trust, Series 2021 BKM-TT from later assessing these fees to the Debtor's mortgage account.

5. In the event that U.S. Bank National Association not in its individual capacity but solely as Trustee for RMTP Trust, Series 2021 BKM-TT this objection by filing a formal response thereto, the Debtor requests that the Court treat any hearing upon this Objection as preliminary, in accordance with the power vested in this Court pursuant to 11 U.S.C. 105(a).

6. Awarding counsel undersigned an attorney fee of at least $500.00, to be paid as an administrative claim by the Chapter 13 Trustee, with the pre-petition claim of U.S. Bank National Association not in its individual capacity but solely as Trustee for RMTP Trust, Series 2021 BKM-TT reduced by the same amount.

7. Granting any other relief the Court deems just and proper.

Dated: September 8, 2022

**LAW OFFICES OF JOHN T. ORCUTT, P.C.**

/s Edward Boltz
Edward Boltz
N.C. State Bar No. 23003
1738-D Hillandale Road
Durham, N.C. 27705
Telephone: (919) 847-9750
Fax: (919) 892-6140
Email: postlegal@johnorcutt.com

UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
WINSTON-SALEM DIVISION

In Re:
**Sylvia Davis Simmons**

Case No.  21-50757
Chapter   13

Social Security No. xxx-xx-4001
Address: 4915 Tatelo Trail, Winston Salem, NC 27127

Debtor

## AFFIDAVIT OF SERVICE

I, Cynthia Hunter, certify under penalty of perjury that I am, and at all times hereinafter mentioned was, more than eighteen (18) years of age and that on September 8, 2022, I served copies of the foregoing **OBJECTION TO MORTGAGE NOTICE OF POST-PETITION FEES**:

By **certified mail** addressed to:

FDIC address:

U.S. Bank National Association not in its individual capacity
but solely as Trustee for RMTP Trust, Series 2021 BKM-TT
**Attn: Officer or Managing Agent**
U.S. Bank National Association
425 Walnut Street
Cinncinnati, OH 45202

The certified mail tracking number is: **9171 9690 0935 0267 8992 39**

By regular, **first-class United States mail**, addressed to:

Debtor:
Sylvia Davis Simmons
4915 Tatelo Trail
Winston Salem, NC 27127

Proof of Claim address:

U.S. Bank National Association not in its individual capacity
but solely as Trustee for RMTP Trust, Series 2021 BKM-TT
**Attn: Officer or Managing Agent**
P.O. Box  55004
Irvine, CA 92619

<u>Creditor Attorney address</u>:

Mark A Baker
MCMICHAEL TAYLOR GRAY, LLC
3550 Engineering Drive, Suite 260
Peachtree Corners, GA 30092

By **automatic electronic noticing** to:

U.S. Bankruptcy Administrator

Kathryn L. Bringle
Chapter 13 Trustee

                                                                      <u>/s Cynthia Hunter</u>
                                                                       Cynthia Hunter